Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MUNICIPIO DE SAN JUAN<br>Recurrido<br><br>v.<br><br>S & MG MEDICAL SERVICE GROUP CORP.; SMG MEDICAL SERVICES AND SUPPLY, INC., Y OTROS<br>Peticionario | KLCE202301286 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número:<br>SJ2019CV00345<br><br>Sobre:<br>Nulidad de Contrato, Cobro de Dinero |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 22 de enero de 2024.

Comparece ante *nos*, SMG Medical Services & Supply, Inc. (SMG) y nos solicita que revisemos y revoquemos la *Resolución* emitida el 24 de julio de 2023 y notificada el 31 de julio de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción de Desestimación*, que presentó SMG.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso de *certiorari*.

**I.**

El 14 de enero de 2019, el Municipio de San Juan presentó una *Demanda* en contra de S & MG Medical Service Group, Inc. (S & MG), SMG y Laura Morales Burgos sobre sentencia declaratoria, nulidad de contratos y recobro de fondos públicos.[1] En apretada síntesis, el Municipio de San Juan solicitó que se declaren nulos los contratos 2009-000068, 2010-000091, 2011-00246, 2011-00678,

---

[1] El 18 de mayo de 2020, el TPI emitió una *Sentencia* mediante la cual desestimó la *Demanda* incoada en contra de S & MG y Laura Morales Burgos.

Número Identificador

RES2024 _____

2012-00389 y 2013-000714. Oportunamente, el 17 de abril de 2019, SMG presentó una *Contestación a Demanda*. En esta, negó las alegaciones de la *Demanda* y levantó varias defensas afirmativas, entre estas, cosa juzgada, impedimento por fraccionamiento de causa e impedimento colateral por sentencia.[2]

Luego de varios incidentes procesales, innecesarios pormenorizar, el 27 de diciembre de 2019, SMG presentó una *Moción de Desestimación*. A grandes rasgos, solicitó la desestimación de la causa de acción presentada en su contra por entender que la controversia era cosa juzgada. Indicó que en el caso KAC2013-0642 se evidenció que el Municipio de San Juan le adeudaba dinero por concepto de incumplimiento de contratos, específicamente, sobre los contratos 2011-000246, 2012-000389 y 2013-000714, que son los mismos que se alegan en el caso de epígrafe.

Posteriormente, el 27 de enero de 2020, el Municipio de San Juan presentó una *Oposición a Moción de Desestimación*. En síntesis, alegó que los contratos 2009-00068, 2010-00091 y 2011-000678, no fueron objeto de evaluación y adjudicación en el caso KAC2013-0642. Acentuó que en el caso de epígrafe la controversia es distinta a la del caso KAC2013-0642, pues en aquella ocasión la controversia giraba en torno a si SMG ofreció unos servicios y si el Municipio de San Juan pagó por dichos servicios. Añadió que en el caso de autos la controversia gira en torno a la nulidad de los contratos y a la ilegalidad del pago.

Consecuentemente, el 24 de julio de 2023, el TPI emitió una *Resolución* notificada el 31 de julio de 2023, mediante la cual declaró *No Ha Lugar* la *Moción de Desestimación*, que presentó SMG el 27 de diciembre de 2019. Inconforme, el 14 de agosto de 2023, SMG presentó una *Moción Solicitando Reconsideración de Resolución*. Así,

---

[2] Según surge del expediente, existe un caso relacionado con el de autos, entiéndase el caso KAC2013-0642.

el 16 de octubre de 2023, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración que presentó SMG.

Insatisfecho aun, el 16 de noviembre de 2023, SMG presentó una *Petición de Certiorari* y señaló la comisión del siguiente error:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR -SUMARIAMETE Y SIN FUNDAMENTO ALGUNO- LA MOCIÓN DE DESESTIMACIÓN HACIENDO CASO OMISO A LOS PLANTEAMIENTOS DE RECONVENCIÓN COMPULSORIA (R. 11.1 de procedimiento civil), IMPEDIMENTO COLATERAL POR SENTENCIA, FRACCINAMIETO DE CAUSA DE ACCIÓN Y DE PRESCRIPCIÓN SOBRE NULIDAD CONTRACTUAL (Art. 1251, 31 LPRA § 3500 del antiguo Código Civil).**

Examinado el recurso de *certiorari*, este Tribunal emitió una *Resolución* el 29 de noviembre de 2023, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso. El 15 de diciembre de 2023, el Municipio de San Juan presentó un *Alegato en Oposición*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción

judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,* 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que

debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por

este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

## III.

Luego de examinar cautelosamente el expediente del recurso ante nuestra consideración, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos*.

Al examinar el trámite procesal del caso de autos, particularmente la *Moción de Desestimación* que presentó SMG y la *Oposición a Moción de Desestimación* que presentó el Municipio de San Juan, no encontramos indicio de que el foro de instancia haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho al emitir la *Resolución* recurrida. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra*. Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012).

En su *Resolución* del 24 de julio de 2023, el foro recurrido determinó que:

> [t]ras un análisis de las alegaciones de las partes, a raíz de la *Moción de desestimación* presentada el 27 de diciembre de 2019 por la CoDemandada SMG Medical Services and Supply, Inc. el Tribunal dispone: **No Ha Lugar** a la solicitud de desestimación. **SE ORDENA** la continuación de los procedimientos del caso.

Así pues, el foro recurrido evaluó la *Moción de Desestimación* que presentó la parte peticionaria, así como la *Oposición a Moción de Desestimación* que presentó la parte recurrida y, en consecuencia, declaró *No Ha Lugar* la solicitud de la parte peticionaria. Con tal proceder, el foro de instancia actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

En conclusión, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte del presente dictamen, *denegamos* la expedición del auto de *certiorari* solicitado. Devolvemos el asunto al foro de origen para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones